# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN POPE, on behalf of herself and all others similarly situated,<br>    Plaintiff | Civil Action No.:<br><br>COMPLAINT – CLASS ACTION |
| v. | |
| CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC, and JOHN DOES 1-25,<br>    Defendants | JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

1. Defendants, Cavalry Portfolio Services, LLC ("Portfolio") and Cavalry SPV I, LLC. ("SPV") (Portfolio and SPV together, "Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Defendants are subject to strict liability for sending collection letters that exposed personal identifying information visibly on the envelopes placed in the mail.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff, Karen Pope ("Pope"), is a natural person who resides in the Commonwealth of Pennsylvania.

6. Pope is a consumer as defined in the FDCPA.

7. Portfolio is a business entity with offices at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

8. SPV is a business entity with offices at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

9. Defendants act as debt collectors as defined by § 1692a of the FDCPA because they regularly use the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

10. John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## STATEMENT OF CLAIM

11. Pope allegedly incurred a Bank of America/FIA Card Services, N.A. debt that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

12. At some point after default, Portfolio or SPV allegedly acquired the Debt after it was in default.

13. On or about September 12, 2014, Portfolio mailed a collection letter to Pope in an attempt to collect the Debt for Portfolio or SPV (the "September 12 Letter"). A copy the September 12 Letter, redacted for security purposes, is attached hereto as Exhibit A.

14. The September 12 Letter was a collection letter that was placed into the mail.

15. Visible through the window of the envelope of the September 12 Letter, to the left of Pope's name and address, was a quick response code which, when scanned with a quick response code reader, prodoced a number ending in 8066.

16. The September 12 Letter identified the number ending in 8066 as being the account number for the Debt.

17. On at least one occasion, and maybe more, Portfolio exposed Pope's account number on the letter it sent through the mail

18. The account number constitutes personal identifying information.

19. The account number is not meaningless – it is a piece of information capable of identifying [the consumer] as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. Douglass v. Convergent Outsourcing, 765 F. 3d 299 (Third Cir. 2014).

20. The FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the use of any language or symbol other than the debt collector's name and address on any envelope when communicating with a consumer by mail. 15 U.S.C. § 1692f(8).

21. Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

22. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

23. On information and belief, Defendants sent collection letters in the form annexed hereto as Exhibit A to at least 50 natural persons in the Commonwealth of Pennsylvania within one year prior to the date of this Complaint.

**CLASS ACTION STATEMENT**

24. Plaintiff brings this action on behalf of herself and of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

25. Plaintiff proposes to define the class as follows:

    a. All Pennsylvania consumers;

    b. Who were sent one or more collection letter(s) by Portfolio;

    c. Attempting to collect a consumer debt allegedly owed to Portfolio or SPV that was originated by Bank of America/FIA Card Services, N.A;

    d. Which contained a quick response code or barcode visible through the window of the envelope which, when scanned, produced an account number;

    e. During the one year prior to the filing date of this Complaint.

  26. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

  27. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons had their account numbers exposed in the mail by Defendants.

  28. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a. Whether Defendants violated the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct; and

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

  29. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  30. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

31. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent attorneys to represent the Class.

32. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

33. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Most are probably unaware that the FDCPA, and their rights, have been violated. Absent a Class Action, Class members will continue to suffer losses of protected rights as well as monetary damages.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

34. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt as described above.

35. Defendants violated 15 U.S.C. § 1692f(8) by using language or a symbol on any envelope when communicating with a consumer by mail as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and Mark G. Moynihan, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

    expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

    Plaintiff demands trial by jury as to all issues so triable.

                                        Respectfully submitted,

Dated: 9/10/2015           By:          /s/ Mark G. Moynihan
                                                  Mark G. Moynihan, Esquire
                                                  Attorney for Plaintiff
                                                  PA 307622
                                                  112 Washington Place, Suite 1N
                                                  Pittsburgh, PA 15219
                                                  Phone: (412) 889-8535
                                                  Fax: (800) 997-8192
                                                  Email: mark@moynihanlaw.net